## DISTRICT OF COLUMBIA v. TYRRELL.

APPEAL AND ERROR; BILL OF EXCEPTIONS; COMPUTATION OF TIME.

1. The carbon duplicate of a bill of exceptions, which rule 5, sec. 2B, of this court, permits to be filed, is insufficient unless it is attested by the trial court and bears the same date as the copy filed in that court.

2. An extension of time to a certain day for submitting a bill of exceptions permits its submission during that day. (Citing *Lamson* v. *Andrews*, 40 App. D. C. 39, 41.)

3. The correction of a bill of exceptions, so as to make it conform to the copy filed in the lower court, was permitted where the discrepancies were mainly changes of grammatical construction made by the trial court on the copy which it retained.

No. 2600.  Submitted November 3, 1913.  Decided November 6, 1913.

HEARING on a motion of appellee to strike out a bill of exceptions or dismiss or affirm.          *Denied conditionally.*

The COURT in the opinion stated the facts as follows:

The appellee, Susie A. Tyrrell, moves to strike out the paper purporting to be a bill of exceptions, and to dismiss or affirm.

It appears that the judgment was rendered June 6, 1913. July 9, an order was entered extending the time to submit the bill of exceptions to August 20, 1913. The bill was prepared, and submitted on that day. It was signed by the trial justice as of September 3, 1913.

Vol XLI.—8.

Undertaking to avail itself of the rule of this court devised to save costs in making transcripts (rule 5, sec. 2B), the appellant filed the bill of exceptions with the clerk of the trial court, and lodged what purported to be a duplicate of the same with the clerk of this court, together with a certified copy of the pleadings, and the same was docketed as the record on appeal, and has been printed.

*Mr. Alexander Wolfe* and *Mr. L. H. David* for the motion.

*Mr. R. J. Whiteford* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The rule requires that the bill of exceptions shall be made in duplicate. Affidavits have been filed in support of and against the motion. These take an unnecessarily wide range, dealing with irrelevant matters.

It appears without dispute that the assistant corporation counsel who tried the case resigned pending the proceedings for appeal, and was succeeded by another who had no previous connection with the case.

A carbon duplicate of the bill of exceptions, tendered to the court for approval, was made in the ordinary way. The court, after consultation with counsel, announced his concurrence in the bill of exceptions on August 29, 1913, but retained the same until September 3, when it was returned, signed as of that date.

It appears from the affidavits, which are undisputed, that some changes were made in the duplicate bill retained by the court before signing. These, with one or two exceptions, seem to have been corrections of grammatical and clerical errors which did not affect the substance. In the exceptional cases the corrections may or may not have affected the meaning, but it is unnecessary to make a critical examination to determine this.

The purported duplicate in the record, which was not signed by the trial justice, bears date as of August 29. The paper

filed is therefore not a duplicate.   The rule contemplates that, while a carbon impression may constitute a duplicate of the matter of the bill, it must also be attested by the trial justice. The duplicate filed in this court should also bear the attestation of the court in order that the clerk may have no doubt of the authenticity of the duplicate.   The objection that the bill of exceptions could not be received or settled on the 20th day of August, 1913, because the time fixed by .the order of the court had expired, is not well taken.   The general weight of authority seems to sustain the proposition that, when time is given to a certain day for the performance of an act, it may be performed during that day.   It was the intention in framing the rule of this court that the performance on the day named would be sufficient.   See *Lamson* v. *Andrews,* 40 App. D. C. 39, 41.

Under all the circumstances, we think it proper to give the appellant the opportunity to make his copy conform to the bill of exceptions on file in the court below.

To save expense and prevent delay, the parties may well agree to correct what purports to be the bill of exceptions in the record that has been printed, so that it shall be a duplicate of the bill on file in the court below, and make it part of the record.   If no .such agreement be made, the appellant may apply to the trial justice to sign a duplicate bill of exceptions, and file the same in this court on or before the 25th day of November, 1913. When the record shall have been corrected in either manner pointed out, the motion will be denied with còsts, otherwise granted.